

MR:NSC
Nicholas S. Crown
nicholas.s.crown@usdoj.gov

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7325
Washington, DC 20530

Tel: (202) 616-5365

July 3, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:  Rule 28(j); *Airlines for America v. Department of Transportation*, No. 24-60231

Dear Mr. Cayce:

We write regarding *Murthy v. Missouri*, No. 23-411 (S. Ct. June 26, 2024), which rejected a claim that plaintiffs had standing because government action might affect third-parties' online activities. The Court emphasized that complainants generally have no cognizable interest in interfering with an agency's regulation of third parties. Slip op. 9. Rather, because "'standing is not dispensed in gross,'" litigants "'must demonstrate standing … for each form of relief that they seek.'" *Id.* at 13.

As explained in our opposition, the ancillary-fees Rule at issue here is thoroughly lawful and highly beneficial to airline passengers, and so the Court should deny a stay. If, however, the Court disagrees, *Murthy* strongly counsels limiting any relief to the parties before it. Petitioners cannot speak for every airline or third-party possibly affected by the Rule. Nor can petitioners premise standing on the regulation of nonparties because they have not even tried to show that such regulation itself causes them Article III harm.

Nothing in 5 U.S.C. § 705 suggests otherwise. Section 705 provides that courts "may" postpone the effective date of an agency action only "to the extent necessary to prevent irreparable injury." Preventing irreparable injury is a quintessential tool of equity. And the traditional equitable principle that judicial remedies may not exceed the party-complainant's injury is part and parcel of Article III's "'case or controversy' requirement," which is "'fundamental to the judiciary's proper role in our system of government.'" Slip op. 8.

*Murthy* also undermines petitioners' reliance on *Career Colleges & Schools of Texas v. Department of Education*, 98 F.4th 220 (5th Cir. 2024), as a basis to obtain universal relief. In *Career Colleges*, this Court equated "the scope of preliminary relief under Section 705" with "the scope of ultimate relief under Section 706, which is not party-restricted." *Id.* at 255. But even if § 706 were not party-restricted (a premise with which we disagree), § 705 authorizes relief that is *equitable*. This Court, moreover, decided *Career Colleges* without the benefit of the Supreme Court's recent standing decisions, including *Murthy*. *See* Opp. 25–26.

Respectfully submitted,

*/s/ Nicholas S. Crown*
Nicholas S. Crown

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                                                             /s/ *Nicholas S. Crown*
                                                                             Nicholas S. Crown