SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

July 8, 2024

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

> RE: *Airlines for America, et al. v. Department of Transportation*, No. 24-60231 (5th Cir.): Response to the Department of Transportation's (DOT) Federal Rule of Appellate Procedure 28(j) letter regarding *Murthy v. Missouri*, No. 23-411, 2024 WL 3165801 (U.S. June 26, 2024)

Dear Mr. Cayce:

*Murthy* doesn't support DOT's arguments. *Murthy* held that plaintiffs lacked standing to seek an injunction barring government defendants from pressuring social-media platforms to censor speech, because the harm was traceable to the platforms, not any government defendant. 2024 WL 3165801, at *13-16. But here, the Airlines undisputedly have standing. DOT, not a third party, has caused the Rule's harms—enormous compliance costs and threatened substantial civil penalties, Mot. 23-25; Reply 12-13—and staying and vacating the Rule would redress those injuries.

The question here isn't standing, but whether the Administrative Procedure Act (APA) authorizes vacatur of unlawful agency rules. *Career Colleges & Schools of Texas v. United States Department of Education*, 98 F.4th 220, 255 (5th Cir. 2024), says yes, holding that courts' authority to stay and vacate

rules "is not party-restricted," because 5 U.S.C. § 706 "allows a court to 'set aside' an unlawful agency action," "and an invalid rule may not be applied to anyone." *Id.* Thus, "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989). And "the scope of preliminary relief under Section 705"—like a stay—"aligns with the scope of ultimate relief under Section 706." *Career Colleges*, 98 F.4th at 255. The government's contrary argument is "incoherent." *Id.*

The Supreme Court has confirmed that the government's argument isn't a standing question, recently "assum[ing] without deciding that vacatur is available under the APA" to answer a nonjurisdictional question. *Corner Post, Inc. v. Board of Governors*, No. 22-1008, 2024 WL 3237691, at *6 n.2 (U.S. July 1, 2024). But the Court has repeatedly endorsed the assumption, issuing non-party-specific stays of agency rules, *see West Virginia v. EPA*, 557 U.S. 1126, 1126 (2016), and "affirm[ing] countless decisions that vacated agency actions, including agency rules," *Corner Post*, 2024 WL 3237691, at *17 (Kavanaugh, J., concurring).

The government ultimately "back[ed] away from its extreme stance" in *Corner Post*. *Id.* at *23. *Murthy* provides no reason to renew it here.

Respectfully,

*Shay Dvoretzky* (signature)

Shay Dvoretzky

*Counsel for Petitioners Airlines for America (A4A), International Air Transport Association (IATA), & National Air Carrier Association (NACA)*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body of the letter contains 350 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: July 8, 2024                    */s/ Shay Dvoretzky*

                                       Shay Dvoretzky

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 8, 2024                    */s/ Shay Dvoretzky*

                                       Shay Dvoretzky