# Skadden, Arps, Slate, Meagher & Flom LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

July 29, 2024

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

    RE:    *Airlines for America et al. v. Department of Transportation*, No. 24-60231, and *Spirit Airlines, Inc. v. Department of Transportation*, No. 24-60373: Urgent request for priority in resolving first-filed stay motion and merits in *Airlines for America*

Dear Mr. Cayce:

    Petitioners in this case (the Airlines) respectfully ask this Court to rule on their motion for a stay pending appeal, which has been fully briefed for nearly a month and which was filed on June 14, 2024, before further addressing the "Emergency Motion for Administrative Stay, for Stay Pending Review, and Notice of Joinder" ("Emergency Motion") filed nearly a month and a half later in *Spirit Airlines, Inc. v. Department of Transportation*, No. 24-60373. Earlier today, a panel of this Court carried Spirit's "Emergency Motion" with the case and ordered expedited briefing in Spirit's case. *Spirit Airlines*, No. 24-60373, Doc. 27-2. The Airlines respectfully submit that the Court should prioritize addressing the Airlines' stay motion in *Airlines for America*, No. 24-60231, and, if necessary, set expedited briefing in *Airlines for America*, which was the first-filed and first-briefed case, on behalf of the entire airline industry prejudicially affected by the Rule, and which presents the strongest

arguments that the Rule is unlawful. As explained below, the Rule will impose massive costs on the airline industry—costs growing more threatening by the day given the October 30, 2024, deadline set by the Rule for sharing micro-mandated information with ticket agents. The Airlines respectfully ask that a copy of this letter be shared as soon as possible with any judges reviewing *Airlines for America*, No. 24-60231, or *Spirit Airlines*, No. 24-60373, and also filed on the docket in *Spirit Airlines*, No. 24-60373. The Court may also wish to consolidate the cases with *Airline for America* in the lead, so that Spirit's request does not prejudice the rest of the airline industry.

To explain: On May 10, 2024, within the 10-day window in 28 U.S.C. § 2112(a)(1), the Airlines filed the first challenge to the Department of Transportation (DOT's) rule captioned *Enhancing Transparency of Airline Ancillary Service Fees*, 89 Fed. Reg. 34,620 (Apr. 30, 2024) (the Rule). As the Airlines have explained (Doc. 50), more than a month and a half later, Spirit Airlines, Inc., filed its own separate challenge to the Rule in the Eleventh Circuit. On July 23, 2024, this Court docketed Spirit Airlines' petition at a new case number after the Eleventh Circuit transferred Spirit's petition to this Court. Several days later still, Spirit filed its "Emergency Motion," and Frontier Group Holdings, Inc., which had not filed a timely petition, *see* 49 U.S.C. § 46110(a) (60-day time limit), moved to intervene in Spirit's case. *See Spirit Airlines*, No. 24-60373, Docs. 7, 12.

The Airlines and Spirit agree that the Rule is unlawful, that it should be stayed pending appeal, and that it should ultimately be set aside as invalid. But the Airlines respectfully request that this Court rule on their motion for a stay pending judicial review before further addressing Spirit's "Emergency Motion," which a motions panel has now ordered be carried with Spirit's case. The Airlines filed their stay motion a month and a half ago on June 14, and the motion has been fully briefed and ripe for decision for nearly a month. Spirit waited until nearly a month later, and several days after its petition was transferred to this Court, to file its "Emergency Motion."

Good cause supports the Airlines' request:

*First*, the Airlines were the first parties to file a challenge to the Rule and to diligently pursue judicial relief. Those efforts properly put the Rule before this Court and set a timeline for review, including for filing of the

agency record, which has now been filed in this case, despite the later deadline now set in Spirit's case. The policy of the statute and basic first-in-time fairness support addressing the Airlines' motion first. *See* 28 U.S.C. § 2112(a)(1), (5).

*Second*, despite their late filing, Spirit and Frontier are already represented by the National Air Carrier Association (NACA), one of the Airline petitioners in *Airlines for America*. Both Spirit and Frontier are members of NACA. Relatedly, any interim or permanent relief the Court issues should apply to *all* airlines, so neither Spirit nor Frontier will suffer any prejudice if the Court decides the Airlines' motion first. *See Airlines for America*, No. 24-60231, Doc. 52. Despite Spirit and Frontier's claims that they too need to seek interim relief, this Court's controlling precedent makes clear that relief from an agency rule is not party-specific under the Administrative Procedure Act.

*Third*, the Airlines, including the trade groups representing a vast swath of airlines—Airlines for America, the National Air Carrier Association, and the International Air Transport Association—all believe that the arguments advanced in the Airlines' stay motion present the strongest challenges to the Rule and thus the challenges most warranting immediate and priority review. Spirit agrees with those challenges but seeks to add additional arguments of its own, and to put them before the Court first. The Airlines respectfully submit that the best arguments, which are already fully briefed before the Court, require a stay and ultimately vacatur of the Rule, and ask that the Court not wait for briefing on Spirit's tertiary arguments.

*Fourth*, ruling first and expeditiously on the Airlines' motion would obviate many of the timing issues Spirit raises. By promptly seeking a stay, the Airlines have remained hopeful that the Court will consider granting relief as the Rule's effective dates approach. If the Court rules on the Airlines' motion by August 15, 2024, the date chosen by Spirit for its "Emergency Motion," it will have addressed the key issues in the case two months after the Airlines filed their stay motion. That said, if the Court believes that these motions warrant further study, the Airlines request that the Court issue a temporary administrative stay beginning June 14, 2024 (when the Airlines filed their stay motion), and extending until the Court's resolution of the Airlines' stay motion. The Rule makes the disclosures-to-ticket-agents

provision effective in just three months (October 30, 2023), *see* 89 Fed. Reg. at 34,622, *available at Airlines for America*, No. 24-60231, Doc. 18, at 4, and, as the Airlines have explained, complying with that onerous requirement will consume considerable time and expense. *See, e.g.*, Airlines Mot. 24-25; SA68.

*Finally*, addressing the Airlines' motion first would promote judicial economy and efficiency for the parties. A panel of the Court has ordered expedited briefing in Spirit's case. But the Airlines and Department of Transportation have already fully briefed the core merits issues in the case—the likelihood of success on the merits component of the stay inquiry—and the case has been ripe for decision for nearly a month. The Court could thus potentially obviate the need for expedited briefing and piecemeal consideration in Spirit's case by beginning with the Airlines' stay motion. In addition, the Airlines are already working on their merits brief, which is due September 3, 2024. The Airlines could expedite their brief, though, as noted, the merits issues are fully briefed in *Airlines for America*. The Airlines respectfully submit that the Court should not wait until nearly two weeks before the Airlines' merits brief is due, further prejudicing the Airlines, to accommodate Spirit's preferred schedule and litigation strategy, which does not speak (unlike the Airlines) for the entire airline industry.

Respectfully,

Shay Dvoretzky
Parker Rider-Longmaid

*Counsel for Petitioners Airlines for America, International Air Transport Association, & National Air Carrier Association*

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: July 29, 2024  /s/ Shay Dvoretzky

Shay Dvoretzky