No. 24-60231 c/w 24-60373

# In the United States Court of Appeals for the Fifth Circuit

No. 24-60231

AIRLINES FOR AMERICA; ALASKA AIRLINES, INC.; AMERICAN AIRLINES, INC.;
DELTA AIR LINES, INC.; HAWAIIAN AIRLINES, INC.; JETBLUE AIRWAYS
CORP.; UNITED AIRLINES, INC.; NATIONAL AIR CARRIER ASSOCIATION;
INTERNATIONAL AIR TRANSPORT ASSOCIATION

*Petitioners,*

*v.*

DEPARTMENT OF TRANSPORTATION,

*Respondent.*

*consolidated with*
No. 24-60373

SPIRIT AIRLINES, INC.,

*Petitioner,*

*and*

FRONTIER GROUP HOLDINGS, INC.,

*Petitioner-Intervenor,*

*v.*

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent.*

On Petition for Review of a Final Rule of the U.S. Department of Transportation
Agency No. 89 Fed. Reg. 34620

## Joint Opposition to Respondent's Motion to Consolidate Briefs

Joanne W. Young
*Counsel of Record*
David M. Kirstein
Donald L. Crowell III
KIRSTEIN & YOUNG PLLC
1750 K Street NW, Suite 700
Washington, DC  20006
(202) 331-3348

*Counsel for Spirit Airlines, Inc. and
Frontier Group Holdings, Inc.*

## CERTIFICATE OF INTERESTED PERSONS

**No. 24-60373**, *Spirit Airlines, Inc. v. U.S. Department of Transportation*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Petitioner: | Counsel for Petitioner: |
|---|---|
| Spirit Airlines, Inc. | Joanne W. Young |
| | David M. Kirstein |
| | Donald L. Crowell |
| | Kirstein & Young PLLC |

Petitioner Spirit Airlines, Inc. is a publicly traded corporation with its stock publicly listed under the ticker "SAVE". It has no parent corporation. No publicly held corporation holds 10% or more of its stock.

| Petitioner-Intervenor: | Counsel for Petitioner-Intervenor: |
|---|---|
| Frontier Group Holdings, Incorporated | Joanne W. Young |
| | David M. Kirstein |
| | Donald L. Crowell |
| | Kirstein & Young PLLC |

Petitioner-Intervenor Frontier Group Holdings, Inc. is a publicly traded corporation with its stock publicly listed under the ticker "ULCC". It has no parent corporation. No publicly held corporation holds 10% or more of its stock.

– i –

| Respondent: | Counsel for Respondent: |
|---|---|
| United States Department of Transportation | Brian M. Boynton |
| | Michael S. Raab |
| | Martin Totaro |
| | Subash Iyer |
| | Paul M. Geier |
| | Blane A. Workie |
| | Paula Lee |
| | Emily Kveselis |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Indigo Frontier Holdings Company, LLC (majority beneficial owner of Frontier Group Holdings, Inc.) | |

The certificates of interested persons that have and will be filed by the Petitioners in *Airlines for America, et al. v. Department of Transportation* (No. 24-60231), which has been consolidated with this case, are hereby incorporated by reference.

Dated: August 6, 2024

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

### Joint Opposition to Respondent's Motion to Consolidate Briefs

Petitioner Spirit Airlines, Inc. and Petitioner-Intervenor Frontier Holdings Group, Inc. (the Ultra Low-Cost Carriers or ULCCs) oppose Respondent U.S. Department of Transportation's (the Department) motion to require that a single opening and single reply brief be filed jointly by all 11 petitioner parties in the consolidated cases: namely the six (6) airlines  and three (3) industry association petitioners in No. 24-60231, Petitioner Spirit Airlines in No. 24-60373, and Petitioner-Intervenor Frontier Airlines in No. 24-60373.

Simply because all petitioners agree that the unprecedented Department rule is unlawful does not take away that it harms different sectors of the industry with greater force. While the *Airlines for America* petitioners speak to generally applicable harms imposed on the broader industry, the ULCCs face unique threats as the biggest "low-cost" airlines that propelled the competition expressly encouraged by Congress when it deregulated the industry nearly 50 years ago.  As recognized by the *Airlines for America* petitioners Spirit and Frontier have raised distinct issues requiring distinct briefing. The Department's motion seeks nothing more than to deny or seriously dilute the ULCC's right to present unique arguments to the Court which no other petitioners will raise. This will ultimately deny the Court the opportunity to fully review the core issues at stake in this case with the detail required. The Court

should either deny the motion or only grant the Department's alternative request for relief in the form of allowing Respondent to file a single consolidated brief.

**1.** The Department should not be allowed to silence the ULCCs from raising with sufficient detail the distinct arguments and harm imposed on them by the government's rule – issues which necessitated Spirit timely filing its petition for review and Frontier timely seeking intervention. Moreover, the Department should certainly not be rewarded for falsely accusing the ULCCs of delaying their participation in this proceeding. The ULCCs expect they will require full use of the standard 13,000 words for their opening brief and 6,500 words for their reply brief in order to meaningfully present their arguments and issues on appeal to this Court.

**2.** On June 5, 2024, Spirit submitted a request to the Department to stay the effective date and compliance periods of the Rule. It took the Department over one week to acknowledge Spirit's request, which occurred on June 14, 2024.  After another week of hearing nothing from the Department, counsel for Spirit contacted the Department on June 26, 2024, asking when Spirit could expect a response on its stay request. On June 27, 2024, Spirit's counsel again contacted the Department requesting a decision on the stay. On Friday, June 28 – 23 days after being submitted – the Department denied Spirit's stay request at approximately 6:00PM ET.

That same night, Spirit filed its Petition for Review in the Eleventh Circuit where venue existed. *See* 49 U.S.C. § 46110(a).

**3.** The Eleventh Circuit docketed Spirit's case on July 5, 2024. Spirit filed an expedited motion a few days later to quickly transfer its case to the Fifth Circuit as required by 28 U.S.C. 2112(a)(5). Spirit's Eleventh Circuit motion stated:

> Spirit intends to file a Motion for Stay as soon as possible in the Fifth Circuit raising issues that have not been addressed in a Motion for Stay filed by A4A. Spirit has a claim for irreparable injury that should be considered concurrently with the Fifth Circuit consideration of the A4A Motion.

ECF No. 7, Unopposed Mot. for Expedited Transfer, at 3, *Spirit Airlines, Inc. v. Dep't of Transport.*, No. 24-12121 (11th Cir. July 11, 2024). The Eleventh Circuit granted Spirit's transfer on July 18, 2024, and the Fifth Circuit docketed Spirit's petition on July 23, 2024.

**4.** Three days later, on July 26, 2024, Frontier timely moved to intervene in Spirit's case, and that same day Spirit and Frontier asked this Court on an emergency basis for a stay. In preparing the declarations and factual background supporting the emergency motion, Spirit and Frontier determined that it would be impossible to fully comply with the Department's Rule by either the October 2024 or April 2025 deadlines.

**5.** The expected irreparable harm became more extensive and immediate than was previously known to the ULCCs at the time a joint declaration was filed in support of the Airlines for America et al. motion for stay. Notably, the earlier joint declaration was submitted by the ULCCs as just two of the nearly 20 airline members which make up the National Air Carrier Association (NACA). *See* NACA, Members and Associate Members, https://naca.aero/member-and-associate-members/.

**6.** The emergency motion filed by the ULCCs reflected the growing severity of the Rule's irreparable harm, as discussed in the CEO declarations included in the special appendix. *See* ECF 12-2, Special Appendix, at SA18-SA51, No. 24-60373 (5th Cir. July 26, 2024). Importantly, the intensity and scope of the irreparable harm shown is consistent with the Rule's harsher impact on the ULCCs based on their size, unique low-cost business models, and existing marketing, technology, and distribution infrastructure.

**7.** On July 29, 2024, the Court granted Frontier's motion to intervene, carried the emergency stay requests with the case, and expedited merits panel selection. In a separate Order, the Court also stayed the Rule pending review. ECF 62-1, No. 24-60231 (5th Cir. July 29, 2024).

**8.** On July 31, 2024, this Court *sua sponte* consolidated Spirit's case, No. 24-60373 with No. 24-60231 filed by petitioners Airlines for America; Alaska Airlines, Incorporated; American Airlines, Incorporated; Delta Air Lines, Incorporated; Hawaiian Airlines, Incorporated; JetBlue Airways Corporation; United Airlines, Incorporated; the National Air Carrier Association; and the International Air Transport Association (Airlines for America et al.). Both cases oppose the Respondent's Final Rule, *Enhancing Transparency of Airline Ancillary Service Fees*, 89 Fed. Reg. 34,620 (Apr. 30, 2024) (the Rule).

**9.** The Rule poses a unique and dire threat to Spirit and Frontier. The business models Spirit and Frontier operate are different, the impact of the Rule is different, the scope of changes needed to comply are different, and arguments supporting why they should prevail based on actions Congress has taken are different. These distinctions alone make filing a single brief infeasible. If the parties could reasonably agree on what to say in an extremely condensed and word-limited brief for the various issues raised, it would likely get too watered down to provide any meaningful clarity to the Court on *any* of the arguments raised by petitioners in either case.

10. As the ULCCs' emergency stay motion and pre-litigation agency stay request clearly show, Spirit and Frontier have meritorious statutory and constitutional arguments that have not and will not be made by the Airlines for America et al. petitioners. The Department's motion is a transparent attempt to muffle the arguments of both sets of petitioners. The ULCCs' distinct arguments also share unique ULCC facts which must be grappled with to truly understand the impact of the Rule on the various sectors of the industry – especially as directly relate to the Department's failure to perform an acceptable cost/benefit analysis of the rule's impact. As the ULCCs have represented, the Rule threatens the continued existence of ultra-low-cost business models and the low-price benefits they offer consumers.

11. Controlling how, when, and where the ULCCs advertise ancillary services to their customers robs these airlines of control over a key aspect of their business model – and, in turn, eliminates a competitive angle of the ULCCs.  This must be meaningfully explained to the Court, as well as why the ULCCs – unlike other airlines – don't have the size or financial margins to reasonably bear these costs on an impossibly short timeframe as the Rule requires. The arbitrary selection by the Department of six-month and 12-month implementation dates for airlines to re-engineer their entire business models and IT support is fully open to being challenged. The ULCCs need the opportunity to explain their arguments and these

harms to the Court, which will not be accomplished by forcing the various petitioner parties and interests in this litigation into a single, constrained brief.

12. Spirit and Frontier filed a separate suit to voice their unique interests and in so doing earned the right to file a brief as distinct parties. As the Department correctly notes, Spirit and Frontier already plan to jointly file opening and reply briefs, thus already maximizing judicial efficiency. These briefs would not be repetitive or meaningfully overlap with the briefs filed by the Airlines for America et al. petitioners.

13. The Department argues that Spirit and Frontier should be denied separate voices due to their membership in the National Association of Air Carriers ("NACA"), which is one of nine parties in case No. 24-60231. While Spirit and Frontier are two of NACA's nearly 20 member airlines, NACA represents the interest of all its members. The Department provides no legal, factual, or other basis to support the outrageous suggestion that NACA and Spirit or Frontier are identical legal entities with identical interests.

14. Lastly, it bears emphasis to highlight the factually misleading and baseless statement in the Department's motion that "Nowhere in [the] Joint Declaration [in support of the Airlines for America et al. stay motion] did Spirit or Frontier urge that any interim or permanent relief the Court might issue in Airlines for

America would not apply to them despite their named membership in NACA."
ECF No. 74, Resp't's Mot. to Consolidate Briefs, at 3, No. 24-60231 (5th Cir. Aug. 5, 2024). This is a complete red herring because the declarations were already filed *before* the Department first raised any possibility of limiting stay relief for non-parties when it responded to the Airlines for America et al. stay motion. ECF No. 42, Resp't's Opp'n to Mot. for a Stay Pending Appeal, at 25, No. 24-60231 (5th Cir. June 24, 2024) ("Not all airlines have attempted to show harm, and no petitioner has standing to seek remedies for nonparties—including carriers that declined to join this action."). Indeed, the Department continued to push this novel argument, contrary to Fifth Circuit precedent, in an additional supplemental filing to the Court. ECF No. 48-1, Resp't's Rule 28(j) Letter, at 1, No. 24-60231 (5th Cir. July 3, 2024) ("If, however, the Court disagrees, *Murthy* strongly counsels limiting any relief to the parties before it. Petitioners cannot speak for every airline or third-party possibly affected by the Rule.").

**15.** The ULCCs do not oppose the Court allowing the standard 13,000 opening brief and 6,500 reply brief for one petitioner brief per each case, and in turn granting the Department's alternative request to allow submission of a single, consolidated response brief containing no more words than the combined word limit for both petitioner opening briefs, combined (26,000 words).

Dated: August 6, 2024              Respectfully submitted,

                             */s/* Joanne W. Young

                             Joanne W. Young
                             jyoung@yklaw.com
                             *Counsel of Record*
                             David M. Kirstein
                             dkirstein@yklaw.com
                             Donald L. Crowell III
                             dcrowell@yklaw.com
                             **Kirstein & Young PLLC**
                             1750 K Street NW, Suite 700
                             Washington, DC  20006
                             Phone: (202) 331-3348
                             Fax: (202) 331-3933

                             *Counsel for Spirit Airlines, Inc. and*
                             *Frontier Group Holdings, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Microsoft Word, it contains 1775 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f), and (2) this filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Charter font.

Dated: August 6, 2024

/s/ Donald L. Crowell III
Donald L. Crowell III

*Counsel for Spirit Airlines, Inc. and Frontier Group Holdings, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on August 6, 2024, I electronically filed the foregoing Joint Opposition to Respondent's Motion to Consolidate Briefs with the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

Dated: August 6, 2024

/s/ Donald L. Crowell III
Donald L. Crowell III

*Counsel for Spirit Airlines, Inc. and
Frontier Group Holdings, Inc.*