No. 24-60231

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

AIRLINES FOR AMERICA; ALASKA AIRLINES, INCORPORATED;
AMERICAN AIRLINES, INCORPORATED; DELTA AIR LINES,
INCORPORATED; HAWAIIAN AIRLINES; INCORPORATED; JETBLUE
AIRWAYS CORPORATION; UNITED AIRLINES, INCORPORATED;
NATIONAL AIR CARRIER ASSOCIATION; INTERNATIONAL AIR
TRANSPORT ASSOCIATION,

Petitioners,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

*consolidated with* **No. 24-60373**

SPIRIT AIRLINES, INCORPORATED,

Petitioner,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

Respondent.

On Petition for Review from the Department of Transportation, 89 Fed. Reg. 34,620

### OPPOSITION TO PETITION FOR REHEARING EN BANC

*Of Counsel*:
GREGORY D. COTE
*Acting General Counsel*
CHARLES E. ENLOE
*Assistant General Counsel for Litigation and
Enforcement*
BLANE A. WORKIE
*Assistant General Counsel for the Office of
Aviation Consumer Protection*
PAULA LEE
*Senior Trial Attorney*
EMILY KVESELIS
*Trial Attorney*
*U.S. Department of Transportation*

MICHAEL GRANSTON
*Deputy Assistant Attorney General*
MICHAEL S. RAAB
URJA MITTAL
*Attorneys, Appellate Staff
Civil Division, Room 7248
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 353-4895*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................ 1

STATEMENT ................................................................................................. 2

ARGUMENT .................................................................................................. 6

I.      The Court Properly Exercised Its Discretion To Remand
Without Vacatur And Leave The Rule Stayed. ....................................... 6

II.    Petitioners Fail To Identify Any Grounds For Rehearing En Banc .................. 10

CONCLUSION ............................................................................................ 15

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases:**                                                                                        <u>**Page(s)**</u>

*Airlines for Am. v. DOT*,
   110 F.4th 672 (5th Cir. 2024) ......................................................................... 4

*Central & S. W. Servs., Inc. v. U.S. EPA*,
   220 F.3d 683 (5th Cir. 2000) ......................................................................... 9

*Chamber of Commerce v. U.S. SEC*,
   88 F.4th 1115 (5th Cir. 2023) ..................................................................11, 12

*Marin Audubon Soc'y v. FAA*,
   129 F.4th 869 (D.C. Cir. 2025) ...................................................................... 9

*Natural Res. Def. Council v. Wheeler*,
   955 F.3d 68 (D.C. Cir. 2020) ........................................................................ 12

*Texas v. United States*,
   50 F.4th 498 (5th Cir. 2022) ...................................................................... 7, 9

*Texas Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*,
   989 F.3d 368 (5th Cir. 2021) ..................................................................2, 7, 8

*Texas Med. Ass'n v. U.S. Dep't of Health & Human Servs.*,
   110 F.4th 762 (5th Cir. 2024) ...................................................................7, 8


**Statutes:**

28 U.S.C. § 2112(a)(5) ...................................................................................... 4

49 U.S.C. § 40113(a) ........................................................................................ 2

49 U.S.C. § 41712 ......................................................................................... 2, 5

49 U.S.C. § 41712(a) ...............................................................................1, 2, 4, 11

49 U.S.C. § 46110 ............................................................................................ 4

**Regulations:**

14 C.F.R. § 258.4 ................................................................................. 3

14 C.F.R. § 258.5(c) ........................................................................... 3

14 C.F.R. § 399.89 ............................................................................. 3

**Rules:**

Fed. R. App. P. 40(b)(2) ................................................................. 6, 10

Fed. R. App. P. 40(b)(2)(A)-(C) ......................................................... 14

Fed. R. App. P. 40(b)(2)(D) ............................................................... 14

**Other Authority:**

Enhancing Transparency of Airline Ancillary Service Fees,
   89 Fed. Reg. 34,620 (Apr. 30, 2024) ....................................... 1, 3, 4

## INTRODUCTION

In 2024, the Department of Transportation (DOT) issued a final rule pursuant to 49 U.S.C. § 41712(a), in addition to other authorities, requiring airlines to disclose certain fees upfront when customers search for itineraries online. *See* Enhancing Transparency of Airline Ancillary Service Fees, 89 Fed. Reg. 34,620 (Apr. 30, 2024). Airlines for America and a group of airlines petitioned for review of the Rule and sought a stay of the Rule pending the outcome of their petition. A stay panel granted the requested stay. After the case was consolidated with a separate challenge initially brought by Spirit Airlines, this Court, in a decision authored by Judge Haynes and joined by Judges Southwick and Douglas, held that DOT has the authority to make rules under § 41712(a) but that DOT failed to fully comply with the Administrative Procedure Act (APA) in issuing the Rule, because DOT had not given petitioners an opportunity to comment on one study in the record. Thus, the Court entered an order "remand[ing] the Rule to DOT so it can afford Petitioners an opportunity to comment on the new data." Op. 30. The Court stated that it was "leaving the stay of the Rule in place," so it "s[aw] no need to vacate it at this time." Op. 31.

The Court properly exercised its discretion to remand the Rule to DOT to address the APA deficiency that the Court had identified and to leave the Rule stayed rather than vacate it. *See* Op. 30-31. Petitioners identify no decision of this Court, another court of appeals, or the Supreme Court with which this decision conflicts. To the contrary, the Court's disposition is consistent with this Court's precedents, which

recognize that remand, not vacatur, is appropriate when there is a "serious possibility" that the agency can remedy the deficiency in its action on remand. *Texas Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389 (5th Cir. 2021). Moreover, the Court properly recognized and cited this Court's precedents that recognize that while vacatur is permissible, it is "not always required," and given the Court's decision to "leav[e] the stay of the Rule in place," the Court did not err in deciding that there was "no need to vacate" the Rule. Op. 31. Thus, rehearing is not warranted.

## STATEMENT

**A.** Congress authorized DOT to investigate and prohibit unfair or deceptive practices in air transportation in 49 U.S.C. § 41712. Section 41712 provides, in relevant part, that the Secretary "may investigate and decide whether an air carrier … has been or is engaged in an unfair or deceptive practice or an unfair method of competition in air transportation or the sale of air transportation." *Id.* § 41712(a). The provision also authorizes the Secretary to order airlines to halt any such unfair or deceptive practices or unfair methods of competition. *See id.* Section 41712 is part of a broader statutory framework that authorizes the Secretary of Transportation to "take action" the Secretary "considers necessary to carry out" the agency's substantive mandates set forth in the same part of the statute, which includes § 41712, and specifically provides that the Secretary may do so by "prescribing regulations, standards, and procedures." 49 U.S.C. § 40113(a).

DOT has issued regulations pursuant to these authorities for decades, *see* Op. 4—for example, a 1999 rule requiring carriers to notify passengers when they "must change aircraft en route even though [the] ticket may show only one flight number," 14 C.F.R. § 258.5(c); *see id.* § 258.4, as well as a 2012 rule requiring airlines to notify consumers "of the potential for a price increase that could take place prior to the time that the full amount agreed upon has been paid by the consumer," *id.* § 399.89.

In 2022, DOT proposed a rule that would require airlines to disclose certain fees, such as fees to check a bag or cancel a flight, during the booking process. *See* Op. 5. DOT engaged in an extensive notice-and-comment rulemaking process, which included advisory committee meetings, a public hearing, and regulatory impact analyses that assessed the costs and benefits of the rule. *See* Op. 5-9; 89 Fed. Reg. at 34,625-27. On April 30, 2024, following notice and comment, DOT issued the final Rule with an updated regulatory impact analysis. The updated regulatory impact analysis noted that DOT had reevaluated the benefits of the Rule for consumers based on new data. *See* Op. 8. DOT cited a December 2023 study by Nicholas Rupp that concluded that the "amount of time needed to determine airfares inclusive of checked bag fees" was longer on airline sites compared to online travel sites like Expedia "due to the increase[d] effort needed to find information on baggage fees during airfare search." *Id.* (alteration in original) (quotation marks omitted). That finding affected DOT's estimate of the time savings to consumers from the Rule. *See id.* The agency's regulatory impact analysis estimated that overall, the Rule would

provide net benefits of between $30.3 million to $254 million annually, with a 53%

probability of net benefits being positive.  *See* Op. 9.

The final Rule requires airlines to make clear and conspicuous disclosures of

the costs of "(1) transporting a first checked bag, second checked bag, and carry-on

bag; and (2) changing or canceling a reservation."  89 Fed. Reg. at 34,621.  These

disclosures must occur at "the first point at which a fare is quoted for a particular

flight itinerary" and may not occur via hyperlink, but airlines are otherwise allowed

flexibility in how they design these disclosures.  *Id.* at 34,649-50; *see, e.g.*, *id.* at 34,657.

**B.**  In May 2024, Airlines for America and a group of airlines petitioned for

review of the final Rule under 49 U.S.C. § 46110 and moved for a stay of the Rule

pending the outcome of their petition.  A panel of this Court granted the requested

stay.  *See Airlines for Am. v. DOT*, 110 F.4th 672, 674 (5th Cir. 2024).  Meanwhile, in

June 2024, Spirit Airlines filed a similar petition for review in the Eleventh Circuit,

which was transferred to this Court.  *See* Op. 10 (citing 28 U.S.C. § 2112(a)(5)).

Frontier Airlines intervened in the Spirit Airlines case, and this Court consolidated

both petitions.  Op. 11.

On January 28, 2025, the Court issued its decision on the merits, holding that

DOT has the authority to make rules under § 41712(a) but finding that the agency had

failed to fully comply with the requirements of the APA.  *See* Op. 1.  The Court

remanded the Rule to the agency to address the APA deficiency—namely, to provide

petitioners with an opportunity to comment on a study relied upon in the Rule—and left the Rule stayed in the meantime.  *See id.*

As to statutory authority, the Court held that DOT has the authority to issue rules under § 41712 to stop unfair or deceptive practices.  *See* Op. 19; *see also* Op. 19-25 (rejecting petitioners' assorted challenges to the agency's statutory authority).  The Court concluded, however, that given its separate conclusion that the Rule did not comply with the APA's requirements, the Court would not resolve whether the final Rule "as currently written, goes beyond DOT's authority to promulgate regulations implementing § 41712's text."  Op. 21.

As relevant here, the Court concluded that DOT had not complied with the APA because it had "issued a cost-benefit analysis based in large part on a study outside the administrative record"—namely, the Rupp study.  Op. 29.  Specifically, the Court faulted DOT for not giving petitioners an opportunity to comment on the Rupp study and suggested that it was uncertain whether the Rule would have been different "had Petitioners been given the chance to challenge the Rupp data."  Op. 30.

Thus, the Court remanded the Rule to the agency, so that it "can afford Petitioners an opportunity to comment on the new data."  Op. 30.  The Court explained that vacatur is "not always required," and because the Court was "leaving the stay of the Rule in place," it "s[aw] no need to vacate it at this time."  Op. 31.  The Court's stated that the "current Rule shall remain stayed until the matters required above are met."  *Id.*

5

Petitioners Airlines for America, Alaska Airlines, Inc., American Airlines, Inc., Delta Air Lines, Inc., Hawaiian Airlines, Inc., JetBlue Airways Corp., United Airlines, Inc., National Air Carrier Association, and International Air Transport Association filed a petition for rehearing en banc, asking this Court to revisit its decision to leave the Rule stayed while the agency conducts further proceedings on remand and to vacate the Rule instead.

## ARGUMENT

The Court properly exercised its discretion to remand the Rule to the agency for further proceedings while "leaving the stay of the Rule in place." Op. 31. Petitioners disagree with the Court's decision not to vacate the Rule but identify no basis for rehearing. The Court's decision does not conflict with any decision of this Court, another court of appeals, or the Supreme Court and does not identify any issue of exceptional importance that warrants rehearing. *See* Fed. R. App. P. 40(b)(2).

## I.     The Court Properly Exercised Its Discretion To Remand Without Vacatur And Leave The Rule Stayed.

The Court held that DOT did not "fully comply" with the APA, because it did not adequately afford petitioners an opportunity to comment on the Rupp study during the rulemaking and therefore remand without vacatur was proper. *See* Op. 29-31. In so concluding, the Court explained that vacatur "is not always required," and because the Court was "leaving the stay of the Rule in place," there was "no need to

6

vacate [the Rule] at this time." Op. 31. The Court stated that "[t]he current Rule shall remain stayed until the matters required above are met." *Id.*

While the government's position is that vacatur is not authorized under the APA, *see* Dkt. No. 127 at 100-01, the Court's disposition was consistent with this Court's precedents, which establish that the decision whether to vacate a rule is left to the Court's discretion, *see* Op. 30-31. The Court has repeatedly recognized that whether vacatur is appropriate depends on the facts of each case. *See Texas Med. Ass'n v. U.S. Dep't of Health & Human Servs.*, 110 F.4th 762, 779 (5th Cir. 2024); *see also Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022) (explaining that a district court's decision whether to enter vacatur is reviewed for abuse of discretion).

In explaining its disposition, the Court cited *Texas Ass'n of Manufacturers v. U.S. Consumer Product Safety Commission*, 989 F.3d 368 (5th Cir. 2021), which explained that "[r]emand, not vacatur, is generally appropriate when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so." *Id.* at 389. Where "there is a serious possibility that the [agency] will be able to remedy its failures," remand is proper and vacatur is not necessary. *See id.* That is precisely what the Court determined here: The deficiency that the Court identified was that petitioners had not had an adequate opportunity to comment on the Rupp study, which is an issue that can be "corrected on remand" in a straightforward way. *Texas Med. Ass'n*, 110 F.4th at 779; *see also* Op. 30 n.15 ("We hold only that DOT should have given Petitioners an opportunity to comment on the

study.").  This case thus resembles *Texas Ass'n of Manufacturers*, where the Court

similarly determined that the proper remedy was to "allow industry to comment and

consider the new justification for the Final Rule" and for the agency to "consider the

costs" anew.  989 F.3d at 389-90.  There, as here, the Court directed "remand to the

Commission to resolve the defects in its rule."  *Id.* at 390 (capitalization altered).  In

short, the Court's disposition in this case is consistent with this Court's precedents,

and petitioners' assertions to the contrary are misplaced.

The Court's disposition in this case also effectively recognized that the

deficiency that the Court identified did not warrant the disruptive consequences of

vacatur.  The Court cited *Texas Ass'n of Manufacturers*, which sets forth the standard for

remand without vacatur, and decided that it was appropriate to leave the Rule stayed

while the agency conducted further proceedings on remand.  The Court's remedy was

consistent with its statements throughout its opinion observing that DOT would need

to reconsider how it would proceed with the Rule.  *See, e.g.*, Op. 31 n.16 (noting that

"[i]t is important that, on remand, both sides consider what makes sense in this

context and allows for passengers to be clearly aware of the extra costs (such as

checked bags) but not unable to clearly consider the dates and times of their travels").

The Court thus properly exercised its discretion not to vacate the Rule and to allow

the agency the opportunity to revisit the Rule in light of the Court's analysis.  And by

leaving the Rule stayed, the Court ensured no harm would inure to petitioners during

the DOT's reconsideration of the Rule on remand.

The Court's disposition is in line with settled precedent and practice. Courts of appeals routinely tailor their decrees in cases involving judicial review under the APA to the deficiencies they identify, using their equitable authority to craft a judgment appropriate for each case. For instance, in *Marin Audubon Society v. FAA*, 129 F.4th 869 (D.C. Cir. 2025) (en banc), the D.C. Circuit held that it was appropriate to stay the mandate with respect to its order vacating agency action while the agency revisited the agency action on remand, observing that the situation "resemble[d] the remand-without-vacatur cases." *Id.* at 872. While *Marin Audubon* involved a D.C. Circuit order staying its mandate vacating the agency action pending further agency proceedings on remand, the practical effect of the disposition resembled the disposition in this case, where the Court's order leaves the Rule stayed on remand.

This Court has also approved of tailored judgments in APA cases. For instance, in *Texas v. United States*, this Court affirmed the district court's exercise of its discretion to first enter vacatur and then partially and temporarily stay its vacatur as to parts of the challenged agency action. *See* 50 F.4th at 530; *see also Central & S. W. Servs., Inc. v. U.S. EPA*, 220 F.3d 683, 692 (5th Cir. 2000) (remanding without vacatur for the agency to "give reasons" for a decision it made in its rulemaking, noting that the agency's "failure to explain" did "not require vacatur" and the rulemaking would remain in place for other industry participants). These examples confirm that the Court properly exercised its discretion to hew the remedy in this case in accordance with its judgment.

9

## II.     Petitioners Fail To Identify Any Grounds For Rehearing En Banc.

Petitioners disregard this settled precedent and practice and assert that rehearing is warranted because the Court erred in not vacating the Rule. But petitioners' arguments only retread the same grounds previously presented to and considered by the Court, and petitioners identify no conflict between the Court's decision in this case and any settled precedent of this Court, another court of appeals, or the Supreme Court. Nor do petitioners identify any issue of such exceptional and pressing importance in the difference between the remedy that the Court ordered and the remedy that petitioners seek that "require[s] the full Court's intervention." Pet. 15; *see* Fed. R. App. P. 40(b)(2).

First, petitioners are incorrect that the Court's disposition departs from the settled standard for remand without vacatur. Petitioners contend that "there is no serious possibility that DOT can adhere to the Rule on remand," arguing that "DOT purported to justify the Rule with cost-benefit data the public never saw." Pet. 8; *see also* Pet. 12. As explained, however, that is the very deficiency that the Court directed the agency to address on remand, as the Court stated that it would "remand the Rule to DOT so it can afford Petitioners an opportunity to comment on the new data." Op. 30. Thus, petitioners' concerns about the agency's reliance on the "new data" were the basis for the Court's disposition and do not warrant further review. Pet. 12.

Petitioners further contend that there is "no 'serious possibility'" that DOT could adhere to the Rule on remand because the Rule exceeds DOT's statutory

authority, as the stay panel recognized." Pet. 8.  That argument does no more than

rehash the statutory-authority arguments that petitioners already raised and this Court

already considered.  The Court has assessed these arguments, concluded the agency

has rulemaking authority under § 41712(a), and declined to decide whether this

particular Rule exceeds the agency's statutory rulemaking authority given the Court's

APA holding.  *See* Op. 21.  Rehearing en banc is not warranted based on these

arguments.

Finally, petitioners contend that the vacatur "would not be disruptive" because

"it would preserve the status quo rather than let a disruptive Rule take effect."  Pet. 8-

9.  Petitioners' argument mischaracterizes the Court's disposition: The Court chose to

"leav[e] the stay of the Rule in place," Op. 31, and therefore *not* to "let a disruptive

Rule take effect."  Pet. 9.  And petitioners identify no harm they suffer from "leaving

the stay of the Rule in place."  Op. 31.  In fact, petitioners do not identify any

difference in the practical effect on their operations from the Court's decision to

"leav[e] the stay of the Rule in place" rather than vacate it during the remand.  *Id.*

Instead, petitioners allege—without support—that the Court's disposition "sows

confusion and creates unresolvable problems for DOT on remand."  Pet. 15.  DOT,

however, has made no statements to this effect.

This Court's decision in *Chamber of Commerce v. U.S. SEC*, 88 F.4th 1115 (5th

Cir. 2023), on which petitioners rely, only confirms the propriety of the Court's

disposition given its merits ruling.  In *Chamber of Commerce*, the Court observed that

remand without vacatur may be "inappropriate for agency action suffering from one or more serious procedural or substantive deficiencies," *id.* at 1118, such as agency actions "plagued with 'fundamental substantive defects,'" "promulgated in violation of notice-and-comment requirements," or where "'there is serious doubt over the substantive correctness of the agency action at issue,'" citing examples for each category of error, *id.* at 1118 n.2.  None of these categories of errors are at issue here.

Contrary to petitioners' assertions, this case does not involve the kind of "violation of notice-and-comment requirements" that the Court was referencing in *Chamber of Commerce*.  Pet. 11 (quotation marks omitted).  In *Chamber of Commerce*, the Court cited *Natural Resources Defense Council v. Wheeler*, 955 F.3d 68, 85 (D.C. Cir. 2020) as an example for a "violation of notice-and-comment requirements" that might support vacatur.  88 F.4th at 1118 n.2.  In *Natural Resources Defense Council*, the D.C. Circuit determined vacatur was appropriate because in the court's view, the rule was legislative, not interpretive, and the agency had improperly "evad[ed] altogether the notice-and-comment requirements," 955 F.3d at 85 (quotation marks omitted), warranting vacatur.  That is not the case here, where it is undisputed that the agency engaged in notice-and-comment, and the only deficiency identified by the Court was a failure to provide an opportunity to comment on a single study.

Petitioners also incorrectly assert that the "stay panel's determination that DOT exceeded its statutory authority" was "a determination the merits panel didn't disturb, but rather relied on to maintain the stay."  Pet. 9.  At no point did the Court suggest

that it was adopting or approving the stay panel's opinion. To the contrary, the Court disclaimed any intent to adopt the stay panel opinion, expressly noting that its merits ruling "has some differences" from the stay panel's decision and that "a merits panel is not bound by the motions panel in the same case." Op. 10 n.8. And at the end of its decision, the Court decreed: "Because we are leaving the stay of the *Rule* in place, we see no need to vacate it at this time," making clear it was leaving the stay of the Rule in place, not the earlier opinion. Op. 31 (emphasis added).

Nowhere did the Court state that it "relied on" the stay panel's decision "to maintain the stay" of the Rule, as petitioners contend. Pet. 9. Quite the opposite: The Court expressly stated that it was not deciding the case on statutory-authority grounds, as the stay panel had done, because the Court determined the rulemaking to be noncompliant with the APA. *See* Op. 21. In so holding, the Court made clear that it was not relying on or adopting the stay panel decision. Petitioners' criticism of the Court's decision as "creat[ing] an unnecessary dilemma" is likewise misplaced. Pet. 9. Petitioners argue that the Court's decision "tells DOT that it must conduct notice-and-comment proceedings" while "telling DOT that it likely lacks authority to do just that," *id.*, when in fact, the Court's opinion expressly declined to decide whether this Rule is statutorily authorized. *See* Op. 21. And in any event, a difference between a merits decision and a stay decision in the same case does not create the kind of "intracircuit conflict" that warrants vacatur. Pet. 9; *see also* Pet. 14-15.

13

Thus, the Court's decision does not conflict with any decision of this Court, another court of appeals, or the Supreme Court regarding remand without vacatur. *See* Fed. R. App. P. 40(b)(2)(A)-(C). The Court properly exercised its discretion to remand the Rule to DOT to address the APA deficiency that the Court identified and to leave the Rule stayed rather than vacate it. *See* Op. 30-31. Petitioners take no issue with the Court's holdings on the merits, instead disputing only whether it was proper for the Court to leave the Rule stayed rather than vacate it. This is not an issue of exceptional importance that warrants rehearing. *See* Fed. R. App. P. 40(b)(2)(D).

# CONCLUSION

For the foregoing reasons, the petition for rehearing en banc should be denied.

Respectfully submitted,

*Of Counsel:*

GREGORY D. COTE
*Acting General Counsel*

CHARLES E. ENLOE
*Assistant General Counsel for Litigation and
Enforcement*

BLANE A. WORKIE
*Assistant General Counsel for the Office of
Aviation Consumer Protection*

PAULA LEE
*Senior Trial Attorney*

EMILY KVESELIS
*Trial Attorney*

*U.S. Department of Transportation*

March 2025

MICHAEL GRANSTON
*Deputy Assistant Attorney General*[*]

MICHAEL S. RAAB

/s/ Urja Mittal
URJA MITTAL
*Attorneys, Appellate Staff
Civil Division, Room 7248
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 353-4895*

---

[*] The Acting Assistant Attorney General is recused in this matter.

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

*/s/ Urja Mittal*
URJA MITTAL

## CERTIFICATE OF COMPLIANCE

This response complies with the word limitations in Federal Rules of Appellate Procedure 40(d)(2) and 40(d)(3) because it contains 3,640 words.  This response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), because it was prepared using Microsoft Word 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Urja Mittal*
URJA MITTAL