No. 24-60231 c/w 24-60373

# In the United States Court of Appeals
# For the Fifth Circuit

### No. 24-60231

AIRLINES FOR AMERICA; ALASKA AIRLINES, INC.; AMERICAN AIRLINES, INC.; DELTA AIR LINES, INC.; HAWAIIAN AIRLINES, INC.; JETBLUE AIRWAYS CORP.; UNITED AIRLINES, INC.; NATIONAL AIR CARRIER ASSOCIATION; INTERNATIONAL AIR TRANSPORT ASSOCIATION

*Petitioners,*

*v.*

DEPARTMENT OF TRANSPORTATION,

*Respondent.*

*consolidated with*
### No. 24-60373

SPIRIT AIRLINES, LLC,

*Petitioner,*

*and*

FRONTIER GROUP HOLDINGS, INC.,

*Petitioner-Intervenor,*

*v.*

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent.*

On Petition for Review of a Final Rule of the U.S. Department of Transportation
Agency No. 89 Fed. Reg. 34620

## Joint Response in Support of Petition for Rehearing En Banc

Joanne W. Young
*Counsel of Record*
David M. Kirstein
Donald L. Crowell III
KIRSTEIN & YOUNG PLLC
1750 K Street NW, Suite 700
Washington, DC 20006
(202) 331-3348

*Counsel for Spirit Airlines, LLC and
Frontier Group Holdings, Inc.*

## CERTIFICATE OF INTERESTED PERSONS

**No. 24-60373**, *Spirit Airlines, Inc. v. U.S. Department of Transportation*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| Petitioner: | Counsel for Petitioner: |
| --- | --- |
| Spirit Airlines, LLC | Joanne W. Young |
| | David M. Kirstein |
| | Donald L. Crowell |
| | Kirstein & Young PLLC |

Petitioner Spirit Airlines, LLC ("Spirit") is a Delaware limited liability company and a wholly owned subsidiary of Spirit Aviation Holdings, Inc. Spirit Aviation Holdings, Inc. is a privately held Delaware corporation. No publicly held company owns 10% or more of Spirit Aviation Holdings Inc.'s stock.

| Petitioner-Intervenor: | Counsel for Petitioner-Intervenor: |
| --- | --- |
| Frontier Group Holdings, Inc. | Joanne W. Young |
| | David M. Kirstein |
| | Donald L. Crowell |
| | Kirstein & Young PLLC |

Petitioner-Intervenor Frontier Group Holdings, Inc. d/b/a Frontier Airlines ("Frontier Airlines") is a publicly traded corporation with its stock publicly listed under the ticker "ULCC." It has no parent corporation. No publicly held corporation holds 10% or more of its stock.

| Respondent: | Counsel for Respondent: |
| --- | --- |
| United States Department of Transportation | Michael Granston |
| | Michael S. Raab |
| | Urja Mittal |
| | Gregory D. Cote |
| | Charles E. Enloe |
| | Blane A. Workie |
| | Paula Lee |
| | Emily Kveselis |

| Other Interested Parties: | Counsel for Interested Parties: |
| --- | --- |

The certificates of interested persons that have and will be filed by the Petitioners in *Airlines for America, et al. v. Department of Transportation* (No. 24-60231), which has been consolidated with this case, are hereby incorporated by reference.

Dated: March 31, 2025

Respectfully submitted,

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, LLC and Frontier Group Holdings, Inc.*

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ................................................................... i

Table of Contents ...................................................................................... iii

Table of Authorities .................................................................................. iv

Introduction............................................................................................... 1

Argument................................................................................................... 2

    I.   Under the Rule of Orderliness, the Panel Should Have Vacated to Avoid Conflict with *Flight Training Int'l, Inc.*, and the Fifth Circuit History of Deciding Cases Under 49 U.S.C. § 46110(c)............................ 4

    II.  Vacatur is the Only Remedy Authorized by the Text of the APA for a Rule Unlawfully Promulgated Without the Procedures Required by Law........................................................................................................ 6

    III. The APA Requires the Court to Consider Prejudicial Error, Thus Making Remand Inappropriate................................................................. 9

    IV. The Necessary Conditions to Support Remand Without Vacatur are Not Present and Were Not Passed on by the Panel................................. 11

Conclusion ............................................................................................... 13

Certificate of Compliance ......................................................................... 15

Certificate of Service................................................................................. 16

TABLE OF AUTHORITIES

Page

Cases

*Airlines for America v. Department of Transportation*, 127 F.4th 563 (5th Cir. 2024) [Op.] ................................................................................................3, 4, 8

*Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, 988 F.2d 146 (D.C. Cir. 1993) ................................................................................................... 12

*Allina Health Servs. v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014) ........................... 10

*American Airlines, Inc. v. DOT*, 202 F.3d 788 (5th Cir. 2000) .................................. 5

*Boeta v. FAA*, 831 F.3d 636 (5th Cir. 2016) .............................................................. 5

*Braidwood Mgmt. v. Becerra*, 104 F.4th 930 (5th Cir. 2024) ................................... 3

*Burge v. Par. Of St. Tammany*, 187 F.3d 452 (5th Cir. 1999) ................................... 4

*California Wilderness Coalition v. U.S. Department of Energy*, 631 F.3d 1072 (9th Cir. 2011) ....................................................................................................9

*Cargill v. Garland*, 57 F.4th 447 (5th Cir. 2023) (en banc) ...................................... 5

*Chamber of Commerce v. SEC*, 88 F.4th 1115 (5th Cir. 2023) ........................11, 12

*Clark County, Nev. v. F.A.A.*, 522 F.3d 437 (D.C. Cir. 2008)................................5, 6

*Data Marketing Partnership, LP v. U.S. Department of Labor,* 45 F.4th 846 (5th Cir. 2022) ..........................................................................................................3, 6

*Dep't of Commerce v. New York*, 588 U.S. 752 (2019) ........................................6, 7

*Dep't of Homeland Security v. Regents of Univ. of California*, 591 U.S. 1 (2020)...................................................................................................................6, 7

*Flight Training Int'l, Inc. v. FAA*, 58 F.4th 234 (5th Cir. 2023) ........................ 4, 5, 6

*Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368 (5th Cir. 2022) ........................... 6

*Menard v. FAA*, 548 F.3d 353 (5th Cir. 2008) ............................................................ 5

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010) .............................. 7, 8

*NRDC v. Wheeler*, 955 F.3d, 68 (D.C. Cir. 2020) ...................................................... 9

*Nw. Envtl. Advocates v. EPA*, 537 F.3d 1006 (9th Cir. 2008) .................................. 9

*Pollinator Stewardship Council v. EPA*, 806 F.3d 520 (9th Cir. 2015) .................... 9

*Texas v. United States*, 126 F.4th 392 (5th Cir. 2025) [Texas III] ................. 2, 3, 11

*Texas v. United States*, 50 F.4th 498 (5th Cir. 2022) [Texas II] ................. 2, 11, 12

*United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279 (D.C. Cir. 2019) ...... 9

*Whitman v. American Trucking Associations, Inc.*, 531 U.S. 457 (2001) ............... 7

*Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516 (5th Cir. 1993) .................. 5

**Statutes**

49 U.S.C. § 46110 ............................................................................................ 1, 4, 5, 6

49 U.S.C. § 46110(c) .................................................................................... 1, 3, 4, 13

5 U.S.C. § 703 ............................................................................................................. 3

5 U.S.C. § 706 ................................................................................... 1, 3, 4, 6, 8, 10, 11

**Rules**

Enhancing Transparency of Airline Ancillary Service Fees, 89 Fed. Reg. 34,620
    (Apr. 30, 2024) ....................................................................................................... 1

# INTRODUCTION

A panel of this Court unanimously decided that the Department of Transportation final rule compelling airlines to how to disclose and package certain optional services was promulgated unlawfully. *See* Enhancing Transparency of Airline Ancillary Service Fees, 89 Fed. Reg. 34,620 (Apr. 30, 2024) [the Rule]. As detailed in the briefing on the merits by Spirit and Frontier, the Department's cost-benefit analysis was irreparably flawed and ignored compelling data about the burdens on airlines and consumers, particularly those who rely on competitive unbundled pricing offerings.

The Supreme Court and the Fifth Circuit routinely emphasize that an agency decision that is not sustainable on the administrative record must be vacated. Indeed, every published decision by this Court deciding a petition for review under 49 U.S.C. § 46110 has ordered one of the four actions identified in that statute—"affirm, amend, modify, or set aside"—regardless of whether remand was also mandated. Id. § 46110(c). Remand without vacatur is not consistent with the plain text of Section 46110(c) or the "set aside" language of the APA, 5 U.S.C. § 706(2).

Only in rare and exceptional circumstances has this Court not vacated an unlawful rule, and this requires finding two extraordinary conditions to support such deviation from the norm: (1) "there [is] a serious possibility that the agency will be

able to correct the rule's defects on remand;" and (2) "vacating the challenged action would produce disruptive consequences." *Texas v. United States*, 126 F.4th 392, 418 (5th Cir. 2025) [*Texas III*] (internal quotation marks omitted) (citing *Chamber of Commerce v. SEC*, 88 F.4th 1115 (5th Cir. 2023)); *see also Texas v. United States*, 50 F.4th 498, 529 (5th Cir. 2022) [*Texas II*] (same).

Here, the panel did not find either condition present—and did not even consider them. Most importantly, because the Rule has never gone into effect, there is no possibility the Department could establish that vacatur would produce disruptive consequences. Only vacatur can safeguard both the integrity of the rulemaking process and provide the certainty airlines need to continue serving the traveling public with competitive fares.[1] The full Court should grant rehearing en banc and hold that, when an agency rule is found unlawful, it must be set aside in its entirety, unless extraordinary circumstances counsel otherwise.

## ARGUMENT

A panel of this Court held that the Department of Transportation violated the Administrative Procedure Act (APA) by promulgating the Rule without the notice-

---

[1] Vacatur is also supported as a matter of judicial efficiency, as currently this Court must expend resources to monitor DOT compliance with a motion panel stay, as well as subsequent agency action related to the Rule.

and-comment procedures required by law. Consistent with the precedent of this Circuit, other federal circuits, and the U.S. Supreme Court, **vacatur** —"*i.e.,*[to] formally nullify and revoke," *Braidwood Mgmt. v. Becerra*, 104 F.4th 930, 951 (5th Cir. 2024)—is what the APA and 49 U.S.C. § 46110(c) require to remedy unlawful agency action, regardless of whether remand is *also* ordered.

Both the APA and Section 46110(c) specify which actions the Court may take to remedy agency violations of the law. Under the APA, the Court "shall . . . hold unlawful and set aside" the action. 5 U.S.C. § 706(2). Under Section 46110(c), "the court has exclusive jurisdiction **to affirm, amend, modify, or set aside** any part of the order and may order the Secretary . . . to conduct further proceedings." 49 U.S.C. § 46110(c) (emphasis added); *see also* 5 U.S.C. § 703 ("The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute.").

The panel recognized that "[v]acatur is often the appropriate remedy for unlawful agency action." Op. 30. But this Court went further in just recently holding that "[v]acatur is **the default remedy** for violations under § 706(2)," *Texas III,* 126 F.4th 392 at 418 (emphasis added) (citing *Data Marketing Partnership, LP v. U.S. Department of Labor,* 45 F.4th 846, 856 n.2 (5th Cir. 2022)). Only when two conditions exist which are not applicable here—and not even mentioned in the panel's

decision—has the Court taken the extraordinary action to remand without vacatur. *Texas III*, 126 F.4th at 418 ("Remand without vacatur … is appropriate only when … there [is] a serious possibility that the agency will be able to correct the rule's defects on remand, and, *…* when vacating the challenged action would produce disruptive consequences." (citations and internal quotation marks omitted)).

The panel's decision to remand without vacatur conflicts with the precedent of this Court, other circuit courts, and the Supreme Court. Accordingly, it is necessary for the full Court to grant rehearing and vacate the Rule.

## I.   Under the Rule of Orderliness, the Panel Should Have Vacated to Avoid Conflict with *Flight Training Int'l, Inc.*, and the Fifth Circuit History of Deciding Cases Under 49 U.S.C. § 46110(c)

Under the rule of orderliness, "a firm rule of this circuit" is to avoid contradicting a prior panel's decision absent "an intervening contrary or superseding decision." Op. 13 (quoting *Burge v. Par. Of St. Tammary*, 187 F.3d 452, 466 (5th Cir. 1999). The panel's remedy conflicts with another recent decision of this Court which held that notice-and-comment violations challenged under 49 U.S.C. § 46110 "must be … set aside." *Flight Training Int'l, Inc. v. FAA*, 58 F.4th 234, 245-46 (5th Cir. 2023) [*FTI*] ("Because the Rule was issued 'without observance of procedure required by law,' FTI's petition must be granted and the Rule set aside. *Id.* § 706(2)(D); *see Clark*

*County, Nev. v. F.A.A.*, 522 F.3d 437 (D.C. Cir. 2008) (FAA rule petitioned under 49 U.S.C. § 46110 may be set aside on grounds set forth in 5 U.S.C. § 706(2).")

*FTI* is consistent with every published decision by this Court which has reviewed agency action through a petition for review under 49 U.S.C. § 46110. In each case, the Court has ordered one of the four actions identified in that statute regardless of whether remand was also mandated. *See Menard v. FAA*, 548 F.3d 353 (5th Cir. 2008) (affirming FAA order); *Boeta v. FAA*, 831 F.3d 636 (5th Cir. 2016) (reversing, vacating, and remanding NTSB's order reviewing FAA action); *American Airlines, Inc. v. DOT*, 202 F.3d 788 (5th Cir. 2000) (affirming DOT order); *Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516 (5th Cir. 1993) (affirming NTSB order which affirmed FAA order). Here, the panel had no intention to amend or modify the Rule—and certainly not affirm it—under 49 U.S.C. § 46110, so it was required to "set [it] aside".

This Court has been especially clear on the requirement to vacate an unlawful rule. Sitting en banc recently, the Court stated that "vacatur of an agency action is the default rule in this Circuit." *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc), *aff'd on other grounds*, 602 U.S. 406. The en banc Court in *Cargill* cited a line of Fifth Circuit cases reaffirming that principle, including *Data Marketing Part-*

*nership, LP v. U.S. Department of Labor*, which held "[t]he default rule is that vacatur is the appropriate remedy" when a rule is unlawful, 45 F.4th 846, 860 (5th Cir. 2022); and *Franciscan Alliance, Inc. v. Becerra*, which reiterated "[v]acatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation," 47 F.4th 368, 374-75 (5th Cir. 2022). These cases apply directly here.

## II.    Vacatur is the Only Remedy Authorized by the Text of the APA for a Rule Unlawfully Promulgated Without the Procedures Required by Law

The APA commands that a reviewing court "shall … hold unlawful and set aside" agency action found to be unlawful, including when issued "without observance of procedure required by law." 5 U.S.C. § 706(2)(A)(D). The Supreme Court and the courts of appeals have consistently interpreted the APA's mandatory language—"shall … set aside"—to mean that **vacatur** of the unlawful agency action is the default and presumptive remedy in APA cases. *See Dep't of Homeland Security v. Regents of Univ. of California*, 591 U.S. 1 (2020) (vacating rule due to APA violation); *Dep't of Commerce v. New York*, 588 U.S. 752 (2019) (same); *FTI*, 58 F.4th at 245-46 (5th Cir. 2023) ("Because the Rule was issued 'without observance of procedure required by law,' FTI's petition must be granted and the Rule set aside." (citations omitted)); *Clark County, Nev. v. F.A.A.*, 522 F.3d 437 (D.C. Cir. 2008) (FAA rule challenged under 49 U.S.C. § 46110 was set aside based on 5 U.S.C. § 706(2)).

When a court determines that an agency has violated the APA, the ordinary result is to nullify or invalidate the rule or decision, leaving no legal force or effect for the improper action. Supreme Court precedent confirms this principle. In *Department of Homeland Security*, the Supreme Court struck down the rescission of the DACA program as arbitrary and capricious and unequivocally stated "that the rescission must be vacated." 591 U.S. at 8. In *Dep't of Commerce*, the Supreme Court affirmed a lower court judgment that **vacated** an agency decision taken in violation of APA requirements—there, the addition of a citizenship question to the census. 588 U.S. 752. Likewise, in *Whitman v. American Trucking Associations, Inc.*, the Supreme Court recognized that an agency's failure to follow required rulemaking procedures "would be grounds for vacating" the rule in question. 531 U.S. 457, 471 n.4 (2001). These cases reflect the High Court's understanding that setting aside unlawful agency action is not an extraordinary step but the expected course under the APA.

This understanding is reinforced by the distinction the Supreme Court has drawn between vacating an agency action and issuing an affirmative injunction. In *Monsanto Co. v. Geertson Seed Farms*, the Court described vacatur (setting aside the agency's decision) as a "less drastic" remedy than an injunction. 561 U.S. 139, 165-66 (2010). An injunction is an "extraordinary remedy," *id.*, which directs a party

– 7 –

to act or not act, and requires a showing of irreparable harm and inadequacy of legal remedies. By contrast, vacatur under § 706 does not compel the agency to take action or refrain from enforcement; it simply nullifies the unlawful agency action, restoring the status quo ante without any ongoing judicial supervision. In line with this and further adding to the ambiguity of the panel decision, is the fact that it did not require DOT to take up the Rule again (thus distinguishing an injunction). Rather, it remanded to "afford Petitioners an opportunity to comment on the new data." Op. 30.

As *Monsanto* explains, if vacating an illegal rule fully redresses the injury, "no recourse to the additional and extraordinary relief of an injunction [is] warranted". 561 U.S. at 166. In other words, the APA's remedy of **"set aside"** is self-executing—it undoes the rule for everyone, without need for the equitable balancing required for injunctive relief. No showing of irreparable injury or equitable factors is required to "set aside" an unlawful rule; it is enough that the rule has been found unlawful or procedurally improper under APA standards.

Notably, other circuits align uniformly with this interpretation and have explicitly disapproved remand without vacatur in cases of procedural violations. The D.C. Circuit frequently reiterates vacatur's mandatory nature for APA violations. *See, e.g., United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir.

2019). In *NRDC v. Wheeler* the D.C. Circuit flatly vacated a rule issued without no-tice-and-comment, despite the EPA's plea to leave it in place, because the procedural violation was fundamental. 955 F.3d, 68, 85 (D.C. Cir. 2020).

Likewise, the Ninth Circuit confirms vacatur as the standard remedy absent compelling equitable factors. *See Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015). In *California Wilderness Coalition v. U.S. Department of Energy*, the Ninth Circuit vacated an agency determination made without required consultation and refused to allow the unlawful decision to remain on remand. 631 F.3d 1072, 1095 (9th Cir. 2011) ("When a court determines that an agency's action failed to follow Congress's clear mandate the appropriate remedy is to vacate that action.") (citing *Nw. Envtl. Advocates v. EPA*, 537 F.3d 1006, 1026-27 (9th Cir. 2008)).

In sum, remand without vacatur is a highly disfavored exception that finds no footing in a case like this one.

## III. The APA Requires the Court to Consider Prejudicial Error, Thus Making Remand Inappropriate

A rule issued without required notice and comment is generally deemed void *ab initio*. Federal courts do not hesitate to invalidate such rules in their entirety. *E.g. NRDC*, 955 F.3d at 84-85 (D.C. Cir. 2020) (rejecting remand without vacatur; vacating rule due to "fundamental" error of bypassing notice-and-comment). As the

D.C. Circuit explained, "government claims of harmless error in cases in which the government . . . fail[ed] to provide notice" circumvent "the entire premise of notice-and-comment requirements [] that an agency's decisionmaking may be affected by concerns aired by interested parties through those procedures." *Id.* at 84-85 (citing *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1109 (D.C. Cir. 2014)).

Because the lack of notice-and-comment leaves the rulemaking record under-developed, there is inherent *prejudicial error* of the kind for which the APA instructs courts to take "due account." 5 U.S.C. § 706. Courts have held that failing to provide any opportunity for comment is inherently prejudicial—the public was entirely de-prived of a voice. No amount of *post hoc* rationalization can cure that defect. Thus, not only is vacatur compelled by § 706's plain text, but it is also warranted because the violation here goes to the heart of the APA's procedural integrity. The agency's error was not a minor flaw; it was a wholesale failure to follow the law.

Finally, vacating the Rule will simply restore the legal regime to what it was before the unlawful rule was issued. *Vacatur* will not impose some extraordinary penalty on the agency; it will merely negate an action taken without authority. The DOT will be free, upon vacatur, to go back, give proper notice, solicit comments, and *lawfully* attempt to issue the rule again if it so chooses (assuming it can address its substantive issues). This is precisely how the APA's remedial scheme is supposed to

work: an unlawful rule is struck down, and the agency may then attempt to correct course within the bounds of law. *Chamber of Commerce v. SEC*, 88 F.4th 1115 (5th Cir. 2023). In sum, the straightforward application of APA § 706 in this case leads to one result—vacatur of the unlawfully issued Rule.

## IV. The Necessary Conditions to Support Remand Without Vacatur are Not Present and Were Not Passed on by the Panel

The notion of remanding an unlawful rule to the agency while leaving the rule in place (so-called "remand without vacatur") has been entertained in some limited circumstances, but it is an **extraordinary deviation** from the APA's text. As discussed, § 706(2) says the court "shall…set aside" unlawful agency action—a directive fundamentally at odds with leaving an invalid rule in effect. Not surprisingly, this Court has rarely approved remand without vacatur. To the contrary, this Court has repeatedly emphasized that **departing from vacatur is justified only in "rare cases."** *Texas III,* 126 F.4th at 418 (emphasis added) (citing *Chamber of Commerce v. SEC*, 88 F.4th 1115 (5th Cir. 2023)).

In *Texas II* and *Texas III*, this Court explained that two stringent conditions must be met before a court could consider remand without vacatur: (1) there must be a "serious possibility" that the agency can **cure** the defect on remand, and (2) vacatur would cause truly disruptive consequences. *E.g.*, *Texas II*, 50 F.4th at 529. Both conditions are decidedly absent here.

The first prong of the test cannot be satisfied because the rule suffers from a "fundamental" defect that the agency could not possibly cure on remand without vacatur. *Texas II*, 50 F.4th at 529. This is not the case of an agency that provided inadequate reasoning or overlooked a minor factor such that a court might plausibly remand for additional explanation. Rather, DOT gave the public no opportunity to comment at all on the primary data DOT relied on to support the rule—which data itself did not create a positive cost-benefit. This is a "serious[]" deficiency which by definition cannot be corrected by anything other than starting over with notice and comment. *Texas II*, 50 F.4th at 529. Remand without vacatur is not suitable for an agency action "promulgated in violation of notice-and-comment requirements." *Chamber of Commerce*, 88 F.4th at 1118 n.2. That is precisely the situation here.

Second, there are no disruptive consequences that credibly justify leaving this illegal rule in place. The disruptive-consequences prong originates from the D.C. Circuit's decision in *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Commission*, which noted that in rare instances a court might remand without vacating if vacatur would cause significant disruption or harm. 988 F.2d 146, 150–51 (D.C. Cir. 1993). But even the D.C. Circuit applies that exception sparingly. It weighs the disruptive consequences of an interim change against the seriousness of the defect. Here, no such circumstances exist because the Rule has not gone into effect. Thus, there are no

reliance interests and no other consequences that would follow simply by this Court ordering vacatur as the APA and Section 46110(c) demand.

## CONCLUSION

When an agency violates the APA's notice-and-comment requirements, vacatur is not only appropriate—it is required by law. The panel's decision to endorse a remedy other than vacatur cannot be squared with the APA's text, the text of 49 U.S.C. § 46110(c), or decades of Supreme Court and federal circuit court precedent. Allowing an illegally issued rule to remain in effect deviates from the judiciary's responsibility to "set aside" unlawful agency action and undermines the vital incentives for agencies to adhere to procedural norms.

\* \* \*

The full Court should grant rehearing en banc and vacate the Rule.

Dated: March 31, 2025                Respectfully submitted,

                                /s/ Joanne W. Young

                                Joanne W. Young
                                jyoung@yklaw.com
                                *Counsel of Record*
                                David M. Kirstein
                                dkirstein@yklaw.com
                                Donald L. Crowell III
                                dcrowell@yklaw.com
                                **Kirstein & Young PLLC**
                                1750 K Street NW, Suite 700
                                Washington, DC  20006
                                Phone: (202) 331-3348
                                Fax: (202) 331-3933

                                *Counsel for Spirit Airlines, LLC and*
                                *Frontier Group Holdings, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify under Federal Rule of Appellate Procedure 32(g) and 40(d)(4) that (1) this filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 40(d)(3) because, as calculated by Microsoft Word, it contains 2980 words, excluding the parts of the filing exempted by Federal Rule of Appellate Procedure 32(f); and (2) this filing complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Charter font.

Dated: March 31, 2025

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, LLC and*
*Frontier Group Holdings, Inc.*

## CERTIFICATE OF SERVICE

I certify that, on March 31, 2025, I electronically filed the foregoing Joint Response to Petition for Rehearing En Banc with the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

Dated: March 31, 2025

/s/ Joanne W. Young
Joanne W. Young

*Counsel for Spirit Airlines, LLC and Frontier Group Holdings, Inc.*