IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| AIRLINES FOR AMERICA, et. al.,<br><br>        Petitioners,<br><br>        v.<br><br>DEPARTMENT OF TRANSPORTATION,<br><br>        Respondent. | No. 24-60231 |
| SPIRIT AIRLINES, INCORPORATED,<br><br>        Petitioner,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION,<br><br>        Respondent. | No. 24-60373 |

**MOTION FOR A STAY OF BRIEFING SCHEDULE
IN LIGHT OF LAPSE OF APPROPRIATIONS**

The Government hereby moves for a stay of the briefing schedule in the above-captioned cases.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for several

other Executive agencies.  The Department does not know when funding will be restored by Congress.

2.  Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property."  31 U.S.C. § 1342.

3.  Undersigned counsel for the Department of Justice therefore requests a stay of the briefing schedule until Congress has restored appropriations to the Department.

4.  The Government respectfully requests that, when appropriations are restored, the current briefing deadlines be extended for the number of days that the lapse in appropriations lasts after petitioners filed their supplemental briefs on November 3, 2025, plus an additional 14 days.  Thus, for example, if the lapse lasts 7 days beyond November 3, 2025, the briefing deadlines would be extended by 7 + 14 = 21 days.  The Government will need this additional time following the end of the lapse to restart regular government operations and prepare the brief for filing.

5.  An extension would have been warranted even in the absence of a lapse of appropriations due to government counsel's other appellate matters.  Brian J. Springer has principal responsibility for preparing the

government's supplemental brief.  Mr. Springer also has responsibility for the following matters with upcoming deadlines: *New York v. Trump*, Nos. 25-1236, 25-1413 (1st Cir.) (oral argument scheduled Nov. 18, 2025); *Hicks v. Commissioner of Social Security*, No. 24-5946 (6th Cir.) (oral argument scheduled Dec. 10, 2025); *U.S. Sportsmen's Alliance v. Centers for Disease Control and Prevention*, No. 25-1473 (6th Cir.) (oral argument scheduled Dec. 11, 2025).

6.  Counsel for Petitioners Airlines for America et. al. has informed the Government that Petitioners oppose a stay of the briefing schedule and plan to file a written opposition.  Counsel for Petitioner Spirit Airlines, Incorporated has informed the Government that Petitioner objects to any extension of the briefing schedule.

Therefore, although we greatly regret any disruption caused to the

Court and the other litigants, the Government hereby moves for a stay of

the briefing schedule in this case, as described above, until Department of

Justice attorneys are permitted to resume their usual civil litigation

functions.

Respectfully submitted,

MICHAEL S. RAAB

*s/ Brian J. Springer*

BRIAN J. SPRINGER
(202) 616-5446
 Attorneys, Appellate Staff
 Civil Division
 U.S. Department of Justice
 950 Pennsylvania Ave., N.W.
 Washington, D.C. 20530

NOVEMBER 2025

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 426 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Georgia 14-point font, a proportionally spaced typeface.

*s/ Brian J. Springer*
Brian J. Springer

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, I filed and served the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.  I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*s/ Brian J. Springer*
Brian J. Springer