No. 24-60231 c/w No. 24-60373

In the
# United States Court of Appeals
for the Fifth Circuit

No. 24-60231

AIRLINES FOR AMERICA; ALASKA AIRLINES, INC.;
AMERICAN AIRLINES, INC.; DELTA AIR LINES, INC.; HAWAIIAN AIRLINES, INC.;
JETBLUE AIRWAYS CORPORATION; UNITED AIRLINES, INC.; NATIONAL AIR
CARRIER ASSOCIATION; INTERNATIONAL AIR TRANSPORT ASSOCIATION,

*Petitioners*,

v.

DEPARTMENT OF TRANSPORTATION,

*Respondent*;

consolidated with

No. 24-60373

SPIRIT AIRLINES, INC.,

*Petitioner*,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent*.

On Petition for Review of a Final Rule of the
United States Department of Transportation
Agency No. 89 Fed. Reg. 34,620

**PETITIONERS' OPPOSITION TO
MOTION TO STAY**

*(counsel information on inside cover)*

Alisha Q. Nanda
SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116

Raza Rasheed
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
2000 Avenue of the Stars, Ste. 200N
Los Angeles, CA 90067

Shay Dvoretzky
 *Counsel of Record*
Parker Rider-Longmaid
Steven Marcus
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Petitioners*

## PETITIONERS' OPPOSITION TO MOTION TO STAY

The Court should deny the Department of Transportation's motion to stay briefing in this case until the ongoing lapse in federal appropriations ends—a request likely to imperil the January 21, 2026, date the Court set for en banc oral argument. This case is exceptionally important, as the Court recognized when it granted rehearing en banc, and it has been pending since the first half of 2024. Despite DOT's late-breaking stay motion, the Court set the current briefing schedule more than a month ago, on October 2, 2025, the day after the current shutdown began. Doc. 230. The government then waited more than a month—and after the Court scheduled oral argument, likewise during the shutdown, on October 31, 2025, Doc. 246, and Petitioners (the Airlines) timely filed their en banc brief—to make this dilatory stay request, with only hours' notice to the Airlines' counsel. The Court's 17 judges in active service and the Airlines should not be forced to wait until the political branches resolve the shutdown to proceed with briefing and argument, when the Attorney General can simply authorize work on this appeal to continue on the existing schedule—or a short extension—respecting this Court's shutdown-issued briefing and oral argument scheduling orders.

DOT's justification for a stay is unconvincing. DOT says its counsel in the Department of Justice may not work on this case during the shutdown given the Anti-Deficiency Act, which provides that the federal government "may not … employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property," 31 U.S.C. § 1342. But DOJ personnel have obtained authorization to work on other important appeals during the shutdown. For example, in another en banc case pending before this Court, DOJ sought leave to file an amicus brief seven days after the shutdown ends. *See United States v. Texas*, No. 24-50149, Doc. 364, at 2 (5th Cir. Oct. 15, 2025). When the Court didn't act on its motion by the amicus deadline, DOJ filed its brief anyway, *id.* Doc. 375 (Oct. 20, 2025), and the Court later denied permission to delay briefing indefinitely, *id.* Doc. 380 (Oct. 21, 2025). DOT hasn't explained why its counsel can't obtain the same authorization to discharge DOT's duties to the en banc Court in this case. Nor has DOT explained why its DOJ counsel can work on the several matters listed in the stay motion (at 3) but not this case.

What's more, this Court's October 2 briefing order and October 31 oral argument scheduling letter—issued during the government shutdown—already provide the necessary "authoriz[ation] by law" under 31 U.S.C. § 1342.

As DOJ's shutdown contingency plan explains, "[i]f a court denies" a request to stay briefing "and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue" for purposes of § 1342. *See* Department of Justice FY 2026 Contingency Plan, at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. As Judge Srinivasan explained during a prior government shutdown, "[t]here is thus no dispute" that ordering briefing and "argument as scheduled is consistent with § 1342." *Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan J., joined by Edwards, J., concurring).

That same logic already applies here, meaning that DOJ is already "authorized by law" to continue working and stop trying to delay resolution of this important case. What matters is the court's order, not the government's request. And here the Court ordered the existing briefing and argument before the Court's full active membership of 17 judges *after the government shutdown began*. That was authorization by law. Even if it wasn't, denying this motion is, on the government's own logic, the authorization it needs to timely resolve this important appeal. As Judge Srinivasan explained, the D.C. Circuit has denied many shutdown stay requests. *Id.* at 638-39.

DOT also asserts that an extension would be warranted given DOJ counsel's other commitments. Even putting aside DOJ counsel's failure to raise those other commitments until well after the Court issued a briefing schedule and after the Court scheduled oral argument, those other commitments do not warrant a stay. The Airlines do not object to an extension of the time to file DOT's brief, from the current December 3 deadline to no later than December 26. That would give counsel several weeks after the latest commitments and the parties time to prepare for the January 21, 2026, oral argument. The Airlines would object to any extension that would require moving the oral argument date or compromise time to prepare for it.

## CONCLUSION

For these reasons, the Court should deny the government's stay motion and keep this important appeal moving toward argument and decision. The Airlines would not object to an extension of DOT's time to file its brief, to no later than December 26, 2025, so long as it would not require moving the existing en banc oral argument date of January 21, 2026.

- 5 -

Dated: November 5, 2025

Alisha Q. Nanda
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116

Raza Rasheed
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
2000 Avenue of the Stars, Ste. 200N
Los Angeles, CA 90067

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Steven Marcus
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Petitioners*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because, as calculated by Microsoft Word, it contains 844 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f); and (2) this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: November 5, 2025  /s/ Shay Dvoretzky
Shay Dvoretzky

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b), I hereby certify that on November 5, 2025, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 5, 2025　　　　*/s/ Shay Dvoretzky*
　　　　　　　　　　　　　　　Shay Dvoretzky

　　　　　　　　　　　　　　　*Counsel for Petitioners*