# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 3, 2026
Lyle W. Cayce
Clerk

No. 24-60231

AIRLINES FOR AMERICA; ALASKA AIRLINES, INCORPORATED; AMERICAN AIRLINES, INCORPORATED; DELTA AIR LINES, INCORPORATED; HAWAIIAN AIRLINES, INCORPORATED; JETBLUE AIRWAYS CORPORATION; UNITED AIRLINES, INCORPORATED; NATIONAL AIR CARRIER ASSOCIATION; INTERNATIONAL AIR TRANSPORT ASSOCIATION,

*Petitioners*,

*versus*

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent*,

CONSOLIDATED WITH

No. 24-60373

SPIRIT AIRLINES, INC.; FRONTIER GROUP HOLDINGS, INC.,

*Petitioners*,

*versus*

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Respondent*.

---

Petitions for Review of an order of the
Department of Transportation,
Agency No. 89 Fed. Reg. 34,620

---

Before Elrod, *Chief Judge*, and Jones, Smith, Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:

Among the issues before us is whether the Department of Transportation's (DOT) rule entitled "Enhancing Transparency of Airline Ancillary Service Fees" was issued pursuant to the Administrative Procedure Act's (APA) notice-and-comment requirement. *See* 89 Fed. Reg. 34,620 (Apr. 30, 2024). We conclude that DOT failed to comply with this provision. Therefore, we must apply the APA's "default" remedy—vacatur. *See* 5 U.S.C. § 706(2); *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc).

The Department, both in its brief and at oral argument, conceded that it violated the APA when it failed to provide additional notice and the opportunity to comment on a study that was "critical to the Rule's issuance."[1] DOT acknowledges that this "procedural violation may have affected the agency's determinations about the Rule's content and scope" and therefore violates the APA. *See* 5 U.S.C. § 706(2)(D) (stating that rules promulgated "without observance of procedure required by law" must be held "unlawful and set aside"). Generally, the entire regulation must be vacated unless "we can say without any substantial doubt that the agency

---

[1] The Department represented for the first time at the *en banc* oral argument that it would be "happy to start all over again."

24-60231
c/w No. 24-60373

would have adopted the severed portion on its own." *Interstate Nat. Gas Ass'n of Am. v. Pipeline & Hazardous Materials Safety Admin.*, 114 F.4th 744, 753 (D.C. Cir. 2024) (quoting *Am. Petroleum Inst. v. EPA*, 862 F.3d 50, 71 (D.C. Cir. 2017)). Given that DOT relied upon the study to justify its cost–benefit analysis, the procedural defect compromised the entire regulation. Thus, we must vacate the entire Rule.

Apart from the notice-and-comment issue, questions have also been raised about other defects in the Rule. *See, e.g.*, *Airlines for Am. v. Dep't of Transp.*, 110 F.4th 672, 677 (5th Cir. 2024). But in light of DOT's agreement to the remedy of vacatur—and the agency's stated intent to redesign or rescind the Rule—we pretermit those issues as premature.

The Rule is hereby VACATED.

24-60231
c/w No. 24-60373

H , *Circuit Judge*, joined by S  and D , *Circuit Judges*, concurring:

This case has evolved into a different arena since a year ago when we issued the panel opinion that I wrote. Most importantly, the Department of Transportation is an agency under a different president and with a different approach and thoughts than it was at the time of the rule that the panel opinion addressed. The Department assured the court it is creating a new proposed rule, and it agreed that we could vacate the rule that was what the panel addressed.

Accordingly, we concur.